UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NELSON VILLARROEL,

                        Plaintiff,                            **REPORT AND**
                                                                 **RECOMMENDATION**
-against-                                              CV-09-220 (FB) (JMA)

LUTHERAN MEDICAL CENTER, LMC
PHYSICIAN SERVICES, P.C., SHORE ROAD
SPORT THERAPY & REHABILITATION, JOHN
AMODIO, P.T., and "JOHN DOE" 1-3 (names of
fictitious persons the identities of whom are unknown
at this time),

                        Defendants.
------------------------------------------------------------------X

A P P E A R A N C E S:

Richard Adam, Esq.
Peter D. Amankonah, Esq.
The Adam Law Office, P.C.
275 Madison Avenue
Suite 1100
New York, NY 10016
      *Attorneys for Plaintiff*

David Michael Eskew, Esq.
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
      *Attorney for Defendants*
      *Shore Road Sport Therapy & Rehabilitation*
      *and John Amodio, P.T.*

**AZRACK**, **United States Magistrate Judge:**

       Plaintiff brings this action and alleges that he was seriously injured as a result of, inter alia,

negligent medical treatment provided by defendants in April and May of 2006. (See generally,

Verified Compl. ¶¶ 54-58.) By Electronic Order dated June 15, 2009, this matter was referred to me by the Honorable Frederic Block for a report and recommendation concerning a letter-motion filed by defendants Shore Road Sport Therapy & Rehabilitation ("Shore Road") and John Amodio, P.T. ("Amodio") (collectively, the "federal defendants") seeking dismissal for lack of prosecution. (See Dkt. No. 4.) For the reasons set forth below, I respectfully recommend that the motion be granted and that the complaint be dismissed without prejudice.

## I. Background

On June 30, 2008 plaintiff Nelson Villarroel ("plaintiff") commenced this action in the Supreme Court of the State of New York, County of Kings. (See Notice of Removal ¶ 1.) On January 20, 2009, the United States was substituted as the party defendant for Shore Road and Amodio then, pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233(c), the action was removed to this Court. (Id. ¶¶ 6, 7.) On March 26, 2009, plaintiff's counsel failed to appear at an initial conference before the undersigned; however, counsel did appear at a subsequent conference held on April 23, 2009. (See Dkt. No. 3.) At the April 23 conference, plaintiff was directed to serve defendants with process on or before May 28, 2009. (Id.) However, the docket sheet for this action indicates that plaintiff failed to file proof of service with respect to any defendant. By letter dated June 12, 2009, the federal defendants moved pursuant to Fed. R. Civ. P. 41(b) arguing that plaintiff's failure to comply with Rules 81(c)(2) and 4(i) of the Federal Rules of Civil Procedure warrants dismissal. (See Dkt. No. 4.) To date, plaintiff has not filed opposition to the government's application.[1]

---

[1] In addition to the notice provided by the government's letter-motion, and in an abundance of caution, my law clerk contacted plaintiff's counsel on July 8, 2009 and inquired as to whether or not plaintiff intended to file a response to the government's application, or if attempts to serve defendants were ongoing. My clerk was informed that the attorney handling the case would call back; however, to date, no return call or other response has been received.

II. Discussion

A. The Federal Defendants

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of a complaint for failure to prosecute an action or for failure to comply with an order of the court. See La Sane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). In order to properly effect service on the United States, Rule 4(i) states, in pertinent part, that plaintiff must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk . . . ." Fed. R. Civ. P. 4(i)(1)(A)(i). Alternatively, plaintiff may "send a copy of [the summons and complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office[.]" Fed. R. Civ. P. (4)(i)(1)(A)(ii). Next, Fed. R. Civ. P. 4(m) provides, in pertinent part, that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As noted earlier, plaintiff in this case filed the complaint more than one year ago in New York State Supreme Court and the action has been pending before this Court for more than six months. Plaintiff neither effected service of the summons and complaint on the federal defendants within the period for effecting service provided by Rule 4(m), nor within the additional period of time granted at the April 23, 2009 conference. Finally, plaintiff has failed to respond to the instant motion, nor has he filed any submission in an attempt to show good cause for his failure to effectuate service or comply with the Court's April 23 order. Accordingly, I respectfully

recommend that the federal defendants' motion be granted and that the complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(i), 4(m) and 41(b) as to these defendants.

B. The Remaining Defendants

Although this matter was referred to me for a report and recommendation concerning the government's June 12, 2009 application, my review of the docket sheet indicates that, in addition to the federal defendants discussed above, plaintiff has failed to file proof of service as to <u>any</u> of the defendants in this action. As explained earlier, Rule 4(m) permits <u>sua sponte</u> dismissal for a party's failure to timely effectuate service. In this case, plaintiff has failed to timely serve Lutheran Medical Center and LMC Physician Services, P.C. Accordingly, I further recommend that the complaint be dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m), as to these defendants.[2]

III. Conclusion

For the foregoing reasons, I respectfully recommend that the government's June 12, 2009 motion be granted and that this action be dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(i), 4(m) and 41(b), with respect to the federal defendants. I further recommend that the complaint be dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m), with respect to the remaining defendants.

Counsel for the federal defendants is directed to serve a copy of this report and recommendation on plaintiff and to promptly file proof of service by ECF. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this report. Failure to file objections within the

---

[2] Rule 4(m) directs the Court to notify a plaintiff before <u>sua sponte</u> dismissing a complaint for failure to timely serve. As the final decision to dismiss lies with the District Court and as plaintiff is entitled to object to this recommendation, this report shall serve as plaintiff's notice of potential dismissal for failure to timely effectuate service.

specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72, 6.


SO ORDERED.

Dated: July 28, 2009
      Brooklyn, New York

                                                      /s/
                                          JOAN M. AZRACK
                                          UNITED STATES MAGISTRATE JUDGE